AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br><br>Bruce Piaso<br>Year of Birth: 1981<br>SSAN: xxx-xx-1647<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 16-MJ-2568<br>)<br>)<br>)<br>) |

FILED
At Albuquerque NM
JUN 2 2016
MATTHEW J. DYKMAN
CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 28, 1016__ in the county of __Cibolla__ in the __State and__ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| § 1153 | Offenses committed within Indian Country |
| §111(a)(1) | Assaulting, resisting, or impeding certain officers or employees |
| §1114 | Protection of officers and employees of the United States (employees defined) |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Rachael Erin Hickox, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 6/2/2016

_____
Judge's signature

City and state: Albuquerque, NM          Laura Fashing, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

Your Affiant, Rachael Hickox, having been duly sworn, does hereby depose and say:

## Introduction

1. I have been a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, since October 2012. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request arrest warrants. I am currently assigned to the FBI's Albuquerque Violent Crime Program in which I am authorized to investigate crimes occurring in Indian Country. The information set forth in this affidavit was derived from my own investigation and/or communicated to me by other sworn law enforcement officers and medical professionals. Because this affidavit is submitted for the limited purpose of securing an arrest warrant, your Affiant has not included each and every fact known to me concerning this investigation. Your Affiant has set forth only those facts that she believes are necessary to establish that probable cause to support a criminal complaint against Buck Piaso in violation of Title 18 U.S.C. §§ 1153, 111(a)(1), and 1114.

## Relevant Statutes

2. This investigation concerns an alleged violation of 18 U.S.C. §§ 1153, 111(a)(1), and 1114.

## Details of Investigation

3. On May 28, 2016, the Federal Bureau of Investigation in Albuquerque, New Mexico, received a notification of an officer-involved-shooting on To'hajiilee Navajo Reservation. Navajo Police Department requested FBI response to the incident.

4. At approximately 9:09 pm on May 28, 2016, Navajo Police Officer James Dan responded to a call concerning a drunken dispute in To'hajiilee. He was wearing a Navajo Police uniform and driving a marked Navajo Nation Police unit. Upon his arrival, Officer Dan found Bruce Piaso "passed out" in the passenger seat of a truck. Officer Dan identified himself as a police officer and told Piaso to get out of the truck. Piaso resisted by grabbing onto the steering wheel and kicked at the officer. Officer Dan continued to give him orders to get out of the vehicle.

5. Piaso threw a pair of binoculars from inside the truck at Officer Dan. He continued resisting, but eventually got out of the truck and started kicking and punching the Officer. Officer Dan deployed his pepper spray, to which Piaso responded "Is that all you got?" and wiped off his face with his t-shirt. Piaso then turned and ran up a hillside.

1

6. Officer Dan got out his flashlight and followed Piaso. As Piaso got to the top of the hillside, he threw a baseball sized rock at Officer Dan, and continued to run. Officer Dan kept following him, however, at one point his flashlight went out. Officer Dan drew his police-issued weapon from its holster to utilize the flashlight mounted onto it. He kept the handgun at his side and pointed towards the ground. At the second hill, Piaso again threw a rock at Officer Dan. He periodically paused to throw rocks as Officer Dan pursued him. Throughout the pursuit, Officer Dan kept stating that he was with the Police and ordered Piaso to stop.

7. About a quarter of a mile away from the initial incident, Piaso started making verbal threats. When he yelled "I'm going to get you," Officer Dan took a step backwards and stumbled to the ground. Piaso jumped on top of him and started punching him. While still punching him, with the other hand, Piaso grasped hold of the slide of Officer Dan's weapon and tried to take it from him. Officer Dan stated that at this time he saw his life flash before his eyes. He kept attempting to pull the weapon back and turn it. He fired one round, and then tried to fire another. The weapon misfired because of Piaso's hand being on the slide. Officer Dan cleared the misfire and ejected a live round from the weapon. Piaso moved behind Officer Dan, elbowed him in the side of the face and eye, and again grasped the weapon. Officer Dan tried to keep hold of the weapon while turning it away from his body. He fired another round, then flipped forward, sending Piaso to the ground in front of him. Piaso jumped up and ran up another hillside.

8. The bullets did not strike any person.

9. Piaso fled the scene. Officer Dan marked the location where the shots were fired with a piece of cardboard and returned to the initial scene.

10. When back-up Officers arrived, they located Piaso, who again resisted arrest. One Officer took out his taser and applied a DriveStun taser to Piaso to get him to release his arms to be handcuffed. Piaso was checked by Emergency Medical services, and determined to be okay.

11. Piaso was arrested and is being charged by Navajo Nation with Disorderly Conduct, Battery, and Aggravated Assault on a Police Officer.

12. Officer Dan was taken to the Veteran's Affairs (VA) Hospital Emergency Room in Albuquerque, New Mexico. He had visible injuries to the left side of his face and head, which included bruising and swelling. He appeared confused and disoriented to his colleagues, and also had scrapes and bruises to his forearms.

13. During a Mirandized interview on 5/30/2016, Piaso stated that he knew he was fighting an Officer and did so because he did not want to go to jail.

14. This event occurred on the To'hajiilee Navajo Reservation.

15. Bruce Piaso is registered with Navajo Nation.

16. Officer James Dan, Jr., is registered with Navajo Nation.

17. Officer James Dan, Jr, maintains a Bureau of Indian Affairs Special Law Enforcement Commission (SLEC) and can exercise authority as delegated by virtue of 25 U.S.C. §2803.

18. Based on all of the above information, your Affiant submits there is probable cause to believe that on May 28, 2016, Bruce Piaso assaulted a federal officer and was in violation of Title 18 U.S.C. §111(a)(1), whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114. Title 18 U.S.C. §1114 designates this person as "any officer or employee of the United States or of any agency in any branch of the U.S. Government while such officer or employee is engaged in or account of the performance of official duties." This event occurred within the exterior boundaries of the Navajo Indian reservation and meets the exclusive jurisdiction as defined by Title 18 U.S.C §1153, offenses committed within Indian country.

19. I swear that this information is true and correct to the best of my knowledge.

_____
Rachael Hickox, Special Agent - FBI

SUBSCRIBED and SWORN to before me this 2nd day of June, 2016.

_____
United States Magistrate Judge

3